UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05-10372-PBS

JOHN C. DEMATOS, et al. )
*Plaintiffs* )
)
vs. )
)
MARSHALL S. HAZARD, et al. )
*Defendants* )

FILED IN CLERK'S OFFICE
2005 FEB 24 A 11:34

RECEIPT # 62339
AMOUNT $ 250.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 2/25/05

MAGISTRATE JUDGE JLA

**NOTICE OF REMOVAL**

To: The Honorable Judges of the United States District Court for the District of Massachusetts.

Petitioners Marshall S. Hazard and General Transportation Service, the defendants herein, respectfully state as follows:

1. The plaintiffs have commenced in the Bristol County Superior Court Department of the Trial Court of the Commonwealth of Massachusetts a civil action for damages against the defendants. The plaintiffs allege that the defendants were negligent in the operation of a motor vehicle on January 17, 2002, causing the plaintiffs to sustain personal injuries in a motor vehicle accident on Route 6 in Dartmouth, Massachusetts on that date. Plaintiff DeMatos alleges that he sustained two fractures of the spine, fractures of C4 and C6 vertebrae, a severe concussion, brain swelling, and other injuries. Plaintiff DeMatos claims medical expenses thus far of $29,156.12, and that he is still treating. Plaintiff Arruda claims her injuries include a left arm ligament strain, a rotator cuff injury, friction burns to the left leg, and injuries to the lower back. Her medical bills allegedly total $14,144.88.

2. At the time of the commencement of this action in a court of the Commonwealth of Massachusetts, and at the time of the filing of this Notice of Removal, the plaintiffs, upon information and belief, are and have been citizens of the

Commonwealth of Massachusetts. At the time of the commencement of this action in a court of the Commonwealth of Massachusetts, and at the time of the filing of this Notice of Removal, defendant Marshall S. Hazard, upon information and belief, is and has been a citizen of the State of Rhode Island, and defendant General Transportation Service is and has been a foreign corporation with a principal place of business in Liverpool, New York.

3. On or about January 27, 2005, service of the Summons and Complaint was made on the defendants. True copies of the Summons, Complaint, and Civil Action Cover Sheet, are attached hereto as Exhibits 1-4 respectively. The defendant has not been served with any other process, pleadings, or orders in this action.

4. This is a controversy of which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that this is a civil action where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.

WHEREFORE, your petitioners herein request this Court to assume full jurisdiction over the subject matter of the action herein, as provided by law.

The defendants,
By their attorneys,

MORRISON MAHONEY LLP

Carey Hugh Smith, BBO #544622
One Chestnut Place
10 Chestnut Street, Suite 470
Worcester, MA 01608
(508) 757-7777

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) 2/23/2005.

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                    SUPERIOR COURT DEPT. OF THE TRIAL COURT
                                                                CIVIL ACTION

[SEAL]                                                          No. C05-0036

JOHN C. DEMATOS and
KELLIE ARRUDA _____ , Plaintiff(s)

v.

MARSHALL S. HAZARD and
GENERAL TRANSPORTATION SERVICES _____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
  PLEASE INDICATE TYPE OF ACTION INVOLVED :—
  ~~TORT~~ — MOTOR VEHICLE TORT — ~~CONTRACT~~ —
  ~~EQUITABLE RELIEF~~ — ~~OTHER~~.)

SUMMONS      96 Hemlock RD Wakefield, RI 02879

To THE ABOVE-NAMED DEFENDANT: Marshall S. Hazard, ~~1 Continental Street, Narragansett, R~~

You are hereby summoned and required to serve upon Joseph H. Silvia, Esquire
SAULINO & SILVIA, P.C.
plaintiff's attorney, whose address is 550 Locust St., Fall River, MA 02720 ;
an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at TAUNTON either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Suzanne V. Del Vecchio, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the 21st day of January , in the year
of our Lord two thousand and five

                                              _____
                                                     Magistrate

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

2- 7-05; 1:22PM; ;4012948536 # 2/ 9

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................., 20...., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

........................................................................................................................

........................................................................................................................

........................................................................................................................

Dated: ........................, 20 .    ........................................................

N.B. TO PROCESS SERVER: —
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20 . |
|---|

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT.
OF THE TRIAL COURT
CIVIL ACTION
No. C05-0036

BRISTOL, ss.

JOHN C. DEMATOS and
KELLIE ARRUDA
................................., Plaintiff (s)

v.

MARSHALL S. HAZARD and
GENERAL TRANSPORTATION SERVICES
................................., Defendant (s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BRISTOL, ss.                           FALL RIVER DIVISION
                                       CIVIL ACTION NO.: C05-0036


JOHN C. DEMATOS and,         )
KELLIE ARRUDA,               )
        PLAINTIFFS,          )
                             )
vs.                          )         COMPLAINT
                             )
MARSHALL S. HAZARD, and      )
GENERAL TRANSPORTION         )
SERVICE                      )
        DEFENDANTS           )


1. Plaintiff, John C. DeMatos, is a natural person residing at 1770 Pleasant Street, Second Floor, Fall River, Bristol County, Massachusetts.

2. Plaintiff, Kellie Arruda, is a natural person residing at 1770 Pleasant Street, Second Floor, Fall River, Bristol County, Massachusetts.

3. Defendant, Marshall S. Hazard, is a natural person residing at 7 Continental Street, Narragansett, Rhode Island.

4. Defendant, General Transportation Services, is a Massachusetts business, with a place of business located at 51 Circuit Drive, North Kingston, Rhode Island.

5. At all times relevant hereto, the Defendant, General Transportation Services was the registered owner of the vehicle operated by Marshall S. Hazard on January 17, 2002 as hereinafter referenced in Paragraph #8 herein.

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

## COUNT ONE

### (DEMATOS v. HAZARD)

6. Plaintiff reaffirms, realleges, and reavers Paragraphs One through Six of this Complaint as though fully and completely set forth herein.

7. On or about January 17, 2002, the Plaintiff, John C. DeMatos, was operating an orange, 1990 Toyota box type truck, Arizona Registration #: AA71887, owned by U-Haul of Colorado, in an easterly direction in the left lane of Route 6, Dartmouth, Bristol County, Massachusetts.

8. On said date, the Defendant, Marshall S. Hazard, was also operating a white 2000 International truck, Rhode Island Registration #: 50821, owned by General Transportation Services, in an easterly direction in the right lane of Route 6, Dartmouth, Bristol County, Massachusetts, and so operated the motor vehicle in a negligent and careless manner so as to cause his motor vehicle to collide with the Plaintiff, John C. DeMatos' motor vehicle owned by U-Haul Company of Colorado.

9. As a result thereof, the Plaintiff, John C. DeMatos, was injured, and was forced to expend moneys for medical diagnosis and treatment, and has been caused to suffer great pain of mind and body.

WHEREFORE, Plaintiff, John C. DeMatos, demands Judgment against the Defendant, Marshall S. Hazard, together with costs and for such other and further relief as this Court deems meet and just.

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

## COUNT TWO

### (DEMATOS v. GENERAL TRANSPORTATION SERVICES)

11. Plaintiff, John C. DeMatos, reaffirms, realleges, and reavers Paragraphs One through Ten of this Complaint as though fully and completely set forth herein.

12. Defendant, General Transportation Services, at the time of the accident referred to in Paragraph #8 herein was the registered owner of the motor vehicle operated by the Defendant, Marshall S. Hazard.

13. Defendant, General Transportation Services, is the registered owner of the vehicle operated by the Defendant, Marshall S. Hazard, is presumptively liable for the injuries sustained by the Plaintiff, John C. DeMatos, pursuant to M.G.L. Ch. 231 §85A.

WHEREFORE, Plaintiff, John C. DeMatos, demands Judgment against the Defendant, General Transportation Services together with costs and for such other and further relief as this Court deems meet and just.

## COUNT TRHEE

### (ARRUDA v. HAZARD)

14. Plaintiff, Kellie Arruda reaffirms, realleges, and reavers Paragraphs One through Thirteen of this Complaint as though fully and completely set forth herein.

15. On or about January 17, 2002, the Plaintiff, Kellie Arruda, was a passenger in said motor vehicle being driven by John DeMatos and traveling in an easterly direction in the left lane of Route 6, Dartmouth, Bristol County, Massachusetts as referenced in Paragraph #7.

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

16. On said date, the Defendant, Marshall Hazard, was also operating a motor vehicle in an easterly direction in the right lane of Route 6, Dartmouth, Bristol County, Massachusetts, and so operated the motor vehicle in a negligent and careless manner so as to cause his motor vehicle to collide with the Plaintiff, John DeMatos' motor vehicle in which Defendant, Kellie Arruda, was a passenger.

17. As a result thereof, the Plaintiff, Kellie Arruda, was injured, and was forced to expend moneys for medical diagnosis and treatment, and have been caused to suffer great pain of mind and body.

WHEREFORE, Plaintiff, Kellie Arruda, demands Judgment against the Defendant, Marhall S. Hazard, together with costs and for such other and further relief as this Court deems meet and just.

COUNT FOUR

(ARRUDA v. GENERAL TRANSPORATION SERVICES)

18. Plaintiff, Kellie Arruda reaffirms, realleges, and reavers Paragraphs One through Seventeen of this Complaint as though fully and completely set forth herein.

19. On or about January 17, 2002, the Plaintiff, Kellie Arruda was a passenger in said motor vehicle being driven by John DeMatos and traveling in an easterly direction, left lane of Route 6, Dartmouth, Bristol County, Massachusetts as referenced in Paragraph #7.

20. Defendant, General Transportation Services is the registered owner of the vehicle operated by the Defendant, Marshall S. Hazard, is presumptively liable for the injuries sustained by the Plaintiff, Kellie Arruda, pursuant to M.G.L. Ch. 231 §85A.

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

4

21. As a result thereof, the Plaintiff, Kellie Arruda, was injured, and was forced to expend moneys for medical diagnosis and treatment, and have been caused to suffer great pain of mind and body.

WHEREFORE, Plaintiff, Kellie Arruda demands Judgment against the Defendant, General Transportation Services, together with costs and for such other and further relief as this Court deems meet and just.

PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL COUNTS.

The Plaintiffs,
By their attorneys,
SAULINO & SILVIA, P.C.


BY: _____
Joseph H. Silvia, Esquire
BBO No. 552215
550 Locust Street
Fall River, MA 02720
(508) 675-7770
January 13, 2005

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

5

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) C05-0036 | | Trial Court of Massachusetts Superior Court Department County: BRISTOL |
|---|---|---|---|
| PLAINTIFF(S) JOHN C. DEMATOS | | DEFENDANT(S) MARSHALL HAZARD and GENERAL TRANSPORTATION SERVICES | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Joseph H. Silvia, Esquire 550 Locust Street, Fall River, MA 02720 Board of Bar Overseers number: 552215  (508) 675-7770 | | ATTORNEY (if known) UNKNOWN | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence and Personal Injury | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $ 8,715.18
2. Total Doctor expenses ........................................... $ 5,549.00
3. Total chiropractic expenses ..................................... $ 0.00
4. Total physical therapy expenses ................................. $ 2,926.50
5. Total other expenses (describe) ................................. $ 11,965.44
   Subtotal $ 29,156.12
B. Documented lost wages and compensation to date .................. $ Unknown
C. Documented property damages to date ............................. $ 0
D. Reasonably anticipated future medical and hospital expenses ..... $ Unknown
E. Reasonably anticipated lost wages ............................... $ Unknown
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   2 fractures of the spine; fractures of C-4 and C-6 vertebra; severely bruised ribs; severe concussion; brain swelling; lacerations of the right side of the forehead and stitches to the right knee. Thus far, still treating for said injuries.
   TOTAL $ 29,156.12

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
N/A

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules o Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected disput resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Joseph H. Silvia_ /ds   DATE: 1-13-2005
Joseph H. Silvia, Esquire

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) C05-0036 | Trial Court of Massachusetts Superior Court Department County: BRISTOL |
|---|---|---|
| PLAINTIFF(S) KELLIE ARRUDA | | DEFENDANT(S) MARSHALL HAZARD and GENERAL TRANSPORTATION SERVICES |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Joseph H. Silvia, Esquire 550 Locust Street, Fall River, MA 02720 Board of Bar Overseers number: 552215 (508) 675-7770 | | ATTORNEY (If known) UNKNOWN |

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence Personal Injury | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $ 1,743.50
2. Total Doctor expenses .............................................. $ 1,657.00
3. Total chiropractic expenses ........................................ $ 7,027.49
4. Total physical therapy expenses ................................... $ 0
5. Total other expenses (describe) .................................... $ 3,716.89
   Pharmaceuticals, Ambulance and Quest Diagnostics    Subtotal $ 14,144.88
B. Documented lost wages and compensation to date ..................... $ 0
C. Documented property damages to date ................................ $ 0
D. Reasonably anticipated future medical and hospital expenses ........ $ 0
E. Reasonably anticipated lost wages .................................. $ 0
F. Other documented items of damages (describe)                         $ ..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Left arm ligament strain and rotator cuff injury; friction burns of the left leg; contutions to both legs and ankles; and, lower back strain/sprain.

TOTAL $ 14,144.88

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
N/A

TOTAL $ 0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record   Joseph H. Silvia /ds                    DATE: 1-13-200

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) John C. DeMatos v. Marshalls of MA, Inc.

2005 FEB 24  A 11: 35

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

__ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

__ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

_X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.

05-10372 PBS

__ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

__ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    YES        NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC §2403)
    YES        NO X
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
    YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
    YES        NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
    YES X      NO

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       EASTERN DIVISION X    CENTRAL DIVISION    WESTERN DIVISION

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION      CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Carey H. Smith, Esquire
ADDRESS One Chestnut Place, 10 Chestnut St., Ste 470, Worcester, MA 01608
TELEPHONE NO. (508) 757-7777

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John C. DeMatos
Kellie Arruda

**DEFENDANTS**
Marshall S. Hazard
General Transportation Service

IN CLERKS OFFICE
2005 FEB 24 A 11:35
U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) County of Residence of First Listed Plaintiff: **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph H. Silvia    (508) 675-7770
550 Locust Street
Fall River, MA 02720

Attorneys (If Known)
Cary B. Smith (508) 797-7777
One Chestnut Place, 370 Chestnut St., Ste 470
Worcester, MA 01608

**05-10372-PBS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendants seek removal of case from Bristol Superior Court pursuant to 28 U.S.C. Section 1446. Jurisdiction is based on diversity, pursuant to 28 U.S.C. Section 1332.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
None
JUDGE
DOCKET NUMBER

DATE 2/23/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____