# Commonwealth of Massachusetts
## County of Bristol
### The Superior Court

*05-10372-PBS*

CIVIL DOCKET#: **BRCV2005-00036-C**

RE: Dematos et al v Harzard et al

TO: FILE COPY

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **03/04/2005** the following entry was made on the above referenced docket:

   **Notice for Removal to the United States District Court filed by Marshall S. Hazard, and General Transportation Service**

Dated at Taunton, Massachusetts this 4th day of March, 2005.

Marc J. Santos,
Clerk of the Courts

BY: Valerie A. Brodeur / John F. Losowski
Assistant Clerk

Telephone: (508) 823-6588

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

cvdgeneric_2.wpd 441385 notusdc arrudado

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
Case Summary
Civil Docket

## BRCV2005-00036
### Dematos et al v Harzard et al

| | | | | |
|---|---|---|---|---|
| File Date | 01/14/2005 | Status | Active (actv) | |
| Status Date | 02/11/2005 | Session | C - CtRm Main - (Taunton) | |
| Origin | 1 | Case Type | B03 - MV negligence/pers injury/prop dmg | |
| Lead Case | | Track | F | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 04/14/2005 | Answer | 06/13/2005 | Rule12/19/20 | 06/13/2005 |
| Rule 15 | 06/13/2005 | Discovery | 11/10/2005 | Rule 56 | 12/10/2005 |
| Final PTC | 01/09/2006 | Disposition | 03/10/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
John C. Dematos
1770 Pleasant Street
2nd Floor
Fall River, MA 02720
Active 01/14/2005

**Private Counsel 552215**
Joseph H Silvia
Saulino & Silvia
550 Locust Street
Fall River, MA 02720
Phone: 508-675-7770
Fax: 508-675-7771
Active 01/14/2005 Notify

**Plaintiff**
Kellie Arruda
1770 Pleasant Street
2nd Floor
Fall River, MA 02720
Active 01/14/2005

\*\*\* See Attorney Information Above \*\*\*

**Defendant**
Marshall S. Harzard
7 Continental Street
Narragansett, RI 02882
Answered: 02/11/2005
Answered 02/11/2005

**Private Counsel 544622**
Carey H Smith
Morrison Mahoney LLP
1 Chestnut Place
10 Chestnut Street, Suite 470
Worcester, MA 01608
Phone: 508-757-7777
Fax: 508-752-6224
Active 02/11/2005 Notify

**Private Counsel 555580**
Gordon L Sykes
Morrison Mahoney LLP
10 North Main Street
Fall River, MA 02720
Phone: 508-677-3100
Fax: 508-672-3840
Active 02/11/2005 Notify

MAS-20041213　　　　　　　　Case 1:05-cv-10372-JLA   Document 3   Filed 03/07/2005   Page 3 of 17　　　03/04/2005
jagejess　　　　　　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　　10:00 AM
　　　　　　　　　　　　　　　　　　　　　　BRISTOL SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　　　　　　Civil Docket

## BRCV2005-00036
### Dematos et al v Harzard et al

**Defendant**
General Transportation Service
Answered: 02/11/2005
Answered 02/11/2005

**Private Counsel 544622**
Carey H Smith
Morrison Mahoney LLP
1 Chestnut Place
10 Chestnut Street, Suite 470
Worcester, MA 01608
Phone: 508-757-7777
Fax: 508-752-6224
Active 02/11/2005 Notify

**Private Counsel 555580**
Gordon L Sykes
Morrison Mahoney LLP
10 North Main Street
Fall River, MA 02720
Phone: 508-677-3100
Fax: 508-672-3840
Active 02/11/2005 Notify

**Other interested party**
FILE COPY
Active 01/14/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/14/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 01/14/2005 | | Origin 1, Type B03, Track F. |
| 02/11/2005 | 2.0 | ANSWER by Marshall S. Harzard and General Transportation Service to COMPLAINT (claim of trial by jury requested) |
| 03/02/2005 | 3.0 | Notice for Removal to the United States District Court filed by Marshall S. Harzard, and General Transportation Service |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 01/14/2005 | CtRm Main - (Taunton) | Status: by clerk<br>Initial one trial review | Event held as scheduled |

A True Copy By Photostatic Process
Attest

*[signature]*
Asst. Clerk of Courts

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

BRISTOL SUPERIOR COURT
ACTION NO: C05-0036

BRISTOL, SS SUPERIOR COURT
FILED
FEB 11 2005
MARC J. SANTOS, ESQ
CLERK/MAGISTRATE

JOHN C. DEMATOS and )
KELLIE ARRUDA, )
*Plaintiffs* )
)
v. )
)
MARSHALL S. HAZARD and )
GENERAL TRANSPORTATION SERVICE, )
*Defendants* )

### ANSWER OF DEFENDANTS MARSHALL S. HAZARD AND GENERAL TRANSPORTATION SERVICE

#### FIRST DEFENSE

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

#### COUNT ONE

6. The defendants adopt by reference their responses to paragraph 1-6, above.

7. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. The defendants deny the allegations contained in paragraph 8 of the complaint.

9. The defendants deny the allegations contained in paragraph 9 of the complaint.

WHEREFORE, the defendants demand that the complaint be dismissed and judgment entered in favor of the defendants with the costs and disbursements of this action.

## COUNT TWO

11.(sic) The defendants adopt by reference their responses to paragraph 1-10, above.

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. The defendants deny the allegations contained in paragraph 13 of the complaint.

WHEREFORE, the defendants demand that the complaint be dismissed and judgment entered in favor of the defendants with the costs and disbursements of this action.

## COUNT THREE

14. The defendants adopt by reference their responses to paragraph 1-13, above.

15. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. The defendants deny the allegations contained in paragraph 16 of the complaint.

17. The defendants deny the allegations contained in paragraph 17 of the complaint.

WHEREFORE, the defendants demand that the complaint be dismissed and judgment entered in favor of the defendants with the costs and disbursements of this action.

## COUNT FOUR

18. The defendants adopt by reference their responses to paragraphs 1 through 17, above.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20. The defendants deny the allegations contained in paragraph 20 of the complaint.

21. The defendants deny the allegations contained in paragraph 21 of the complaint.

## SECOND DEFENSE

By way of affirmative defense, the defendants states that the complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The defendants deny each and every allegation of the complaint except as specifically admitted above.

## FOURTH DEFENSE

By way of affirmative defense, the defendants say that the action is barred by the applicable statute of limitations.

## FIFTH DEFENSE

By way of affirmative defense, the defendants say that service of process was insufficient.

## SIXTH DEFENSE

By way of affirmative defense, the defendants say that the complaint should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

## SEVENTH DEFENSE

By way of affirmative defense, the defendants say that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and are not legally responsible.

## EIGHTH DEFENSE

By way of affirmative defense, the defendants say that the negligence of the plaintiffs was greater than the alleged negligence of the defendants and that such negligence of the plaintiffs contributed to their alleged injury and, therefore, the plaintiffs are barred from recovery under M.G.L. c. 231, Section 85.

## NINTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiffs were guilty of contributory negligence and that the damages, if any, recovered by the plaintiffs from the defendant should be reduced in proportion to the said negligence of the plaintiffs in accordance with M.G.L. C. 231, Section 85.

## TENTH DEFENSE

By way of affirmative defense, the defendants say that the injuries alleged were caused in whole or in part by the negligence of the plaintiffs.

## ELEVENTH DEFENSE

The defendants state that said injuries were caused by the intervening and/or superseding acts of third persons for which the defendants are not liable.

## TWELFTH DEFENSE

By way of affirmative defense, the defendants say that the defendants are exempt from liability to the plaintiffs under the provisions of M.G.L. C. 90, Section 34M for all or part of the damages, loss or expenses claimed by the plaintiffs.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendants say that the plaintiffs may not recover for damages for any alleged pain and suffering, including mental suffering, associated with the alleged injuries, pursuant to M.G.L. C. 231, Section 6D.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendants say that the operation of the motor vehicle in question was not by and under the control of a person for whose conduct the defendants were legally responsible; consequently the defendants are not liable to the plaintiffs.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendants say that they are exempt from tort liability for damages and pain and suffering in accordance with M.G.L. c. 231, Sec. 6D, on the grounds that the reasonable and necessary medical expenses incurred by each plaintiff were not in excess of two thousand dollars ($2,000) and that the alleged injuries were not among those set forth in the statute.

## SIXTEENTH DEFENSE

By way of affirmative defense, the defendants say that, if each plaintiff incurred medical bills in excess of two thousand dollars ($2,000), the medical treatment was neither reasonable nor necessary, and the plaintiffs therefore cannot recover.

## SEVENTEENTH DEFENSE

By way of affirmative defense, the defendants say that at the time and place of the accident, each plaintiff was not wearing a seat belt; said seat belt being available and operational and that said failure to wear a seat belt has resulted in the plaintiffs sustaining injuries greater than would have been sustained had they been wearing said seat belt and that accordingly any award received by the plaintiffs should be reduced by the doctrine of "avoidable consequences" and/or the failure of the plaintiffs to mitigate their damages.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES TRIABLE TO A JURY.**

The Defendants,
By their attorneys,
MORRISON MAHONEY LLP

Carey H. Smith, Esq., BBO# 544622
Gordon Sykes, Esq., BBO#
One Chestnut Place
10 Chestnut Street, Suite 470
Worcester, MA 01608
(508) 757-7777

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 3/1/05

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS                                          BRISTOL SUPERIOR COURT
                                                     ACTION NO: C05-0036

JOHN C. DEMATOS and            )
KELLIE ARRUDA,                 )
*Plaintiffs*                   )
                               )
v.                             )
                               )
MARSHALL S. HAZARD and         )
GENERAL TRANSPORTATION         )
SERVICE,                       )
*Defendants*                   )

## JURY CLAIM

In the above-entitled action the defendants, Marshall S. Hazard and General Transportation Services, claim a trial by jury of all issues triable to a jury.

                                      The Defendants,
                                      By Their attorneys,

MORRISON MAHONEY LLP

_____
Carey H. Smith, BBO 544622
One Chestnut Place
10 Chestnut Street, Suite 470
Worcester, MA 01608
(508) 757-7777

I hereby certify that a true copy of the above document was served upon ~~(each party appearing pro se and)~~ the attorney of record for each (~~other~~) party by mail ~~(by hand)~~ 2/10/05  .

True Copy By ~~Photoco~~ Process
Attest:

_____

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

BRISTOL, ss.                                          FALL RIVER DIVISION
                                                      CIVIL ACTION NO.: 05-00036

JOHN C. DEMATOS and,            )
KELLIE ARRUDA,                  )
          PLAINTIFFS,           )
                                )
vs.                             )    COMPLAINT
                                )
MARSHALL S. HAZARD, and         )
GENERAL TRANSPORTION            )
SERVICE                         )
          DEFENDANTS            )

1. Plaintiff, John C. DeMatos, is a natural person residing at 1770 Pleasant Street, Second Floor, Fall River, Bristol County, Massachusetts.

2. Plaintiff, Kellie Arruda, is a natural person residing at 1770 Pleasant Street, Second Floor, Fall River, Bristol County, Massachusetts.

3. Defendant, Marshall S. Hazard, is a natural person residing at 7 Continental Street, Narragansett, Rhode Island.

4. Defendant, General Transportation Services, is a Massachusetts business, with a place of business located at 51 Circuit Drive, North Kingston, Rhode Island.

5. At all times relevant hereto, the Defendant, General Transportation Services was the registered owner of the vehicle operated by Marshall S. Hazard on January 17, 2002 as hereinafter referenced in Paragraph #8 herein.

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

## COUNT ONE

## (DEMATOS v. HAZARD)

6. Plaintiff reaffirms, realleges, and reavers Paragraphs One through Six of this Complaint as though fully and completely set forth herein.

7. On or about January 17, 2002, the Plaintiff, John C. DeMatos, was operating an orange, 1990 Toyota box type truck, Arizona Registration #: AA71887, owned by U-Haul of Colorado, in an easterly direction in the left lane of Route 6, Dartmouth, Bristol County, Massachusetts.

8. On said date, the Defendant, Marshall S. Hazard, was also operating a white 2000 International truck, Rhode Island Registration #: 50821, owned by General Transportation Services, in an easterly direction in the right lane of Route 6, Dartmouth, Bristol County, Massachusetts, and so operated the motor vehicle in a negligent and careless manner so as to cause his motor vehicle to collide with the Plaintiff, John C. DeMatos' motor vehicle owned by U-Haul Company of Colorado.

9. As a result thereof, the Plaintiff, John C. DeMatos, was injured, and was forced to expend moneys for medical diagnosis and treatment, and has been caused to suffer great pain of mind and body.

**WHEREFORE**, Plaintiff, John C. DeMatos, demands Judgment against the Defendant, Marshall S. Hazard, together with costs and for such other and further relief as this Court deems meet and just.

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

## COUNT TWO

### (DEMATOS v. GENERAL TRANSPORTATION SERVICES)

11. Plaintiff, John C. DeMatos, reaffirms, realleges, and reavers Paragraphs One through Ten of this Complaint as though fully and completely set forth herein.

12. Defendant, General Transportation Services, at the time of the accident referred to in Paragraph #8 herein was the registered owner of the motor vehicle operated by the Defendant, Marshall S. Hazard.

13. Defendant, General Transportation Services, is the registered owner of the vehicle operated by the Defendant, Marshall S. Hazard, is presumptively liable for the injuries sustained by the Plaintiff, John C. DeMatos, pursuant to M.G.L. Ch. 231 §85A.

**WHEREFORE**, Plaintiff, John C. DeMatos, demands Judgment against the Defendant, General Transportation Services together with costs and for such other and further relief as this Court deems meet and just.

## COUNT TRHEE

### (ARRUDA v. HAZARD)

14. Plaintiff, Kellie Arruda reaffirms, realleges, and reavers Paragraphs One through Thirteen of this Complaint as though fully and completely set forth herein.

15. On or about January 17, 2002, the Plaintiff, Kellie Arruda, was a passenger in said motor vehicle being driven by John DeMatos and traveling in an easterly direction in the left lane of Route 6, Dartmouth, Bristol County, Massachusetts as referenced in Paragraph #7.

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

3

16. On said date, the Defendant, Marshall Hazard, was also operating a motor vehicle in an easterly direction in the right lane of Route 6, Dartmouth, Bristol County, Massachusetts, and so operated the motor vehicle in a negligent and careless manner so as to cause his motor vehicle to collide with the Plaintiff, John DeMatos' motor vehicle in which Defendant, Kellie Arruda, was a passenger.

17. As a result thereof, the Plaintiff, Kellie Arruda, was injured, and was forced to expend moneys for medical diagnosis and treatment, and have been caused to suffer great pain of mind and body.

**WHEREFORE**, Plaintiff, Kellie Arruda, demands Judgment against the Defendant, Marhall S. Hazard, together with costs and for such other and further relief as this Court deems meet and just.

## COUNT FOUR

### (ARRUDA v. GENERAL TRANSPORATION SERVICES)

18. Plaintiff, Kellie Arruda reaffirms, realleges, and reavers Paragraphs One through Seventeen of this Complaint as though fully and completely set forth herein.

19. On or about January 17, 2002, the Plaintiff, Kellie Arruda was a passenger in said motor vehicle being driven by John DeMatos and traveling in an easterly direction, left lane of Route 6, Dartmouth, Bristol County, Massachusetts as referenced in Paragraph #7.

20. Defendant, General Transportation Services is the registered owner of the vehicle operated by the Defendant, Marshall S. Hazard, is presumptively liable for the injuries sustained by the Plaintiff, Kellie Arruda, pursuant to M.G.L. Ch. 231 §85A.

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

4

21. As a result thereof, the Plaintiff, Kellie Arruda, was injured, and was forced to expend moneys for medical diagnosis and treatment, and have been caused to suffer great pain of mind and body.

**WHEREFORE**, Plaintiff, Kellie Arruda demands Judgment against the Defendant, General Transportation Services, together with costs and for such other and further relief as this Court deems meet and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL COUNTS.**

The Plaintiffs,
By their attorneys,
SAULINO & SILVIA, P.C.

BY: _____
Joseph H. Silvia, Esquire
BBO No. 552215
550 Locust Street
Fall River, MA 02720
(508) 675-7770
January 13, 2005

SAULINO & SILVIA, P.C.
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MA 02720
TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) C05-0036 | Trial Court of Massachusetts Superior Court Department County: BRISTOL |
|---|---|---|

| PLAINTIFF(S) JOHN C. DEMATOS | DEFENDANT(S) MARSHALL HAZARD and GENERAL TRANSPORTATION SERVICES |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Joseph H. Silvia, Esquire 550 Locust Street, Fall River, MA 02720 Board of Bar Overseers number: 552215  (508) 675-7005 | ATTORNEY (if known) UNKNOWN |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence and Personal Injury | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . $ 8,715.18
2. Total Doctor expenses . . . . . . . . . . . . . . . . . $ 5,549.00
3. Total chiropractic expenses . . . . . . . . . . . . . $ 0.00
4. Total physical therapy expenses . . . . . . . . . $ 2,926.50
5. Total other expenses (describe) . . . . . . . . . $ 11,965.44
   Subtotal $ 29,156.12
B. Documented lost wages and compensation to date . . . . . . $ Unknown
C. Documented property damages to date . . . . . . . . . . . . . . . . $ 0
D. Reasonably anticipated future medical and hospital expenses . $ Unknown
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . $ Unknown
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
2 fractures of the spine; fractures of C-4 and C-6 vertebra; severely bruised ribs; severe concussion; brain swelling; lacerations of the right side of the forehead and stitches to the right knee. Thus far, still treating for said injuries.   $
   TOTAL $ 29,156.12

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
N/A

TOTAL $ . . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Joseph H. Silvia /ds_    DATE: 1-13-2005
   Joseph H. Silvia, Esquire

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) C05-0036 | Trial Court of Massachusetts Superior Court Department County: BRISTOL |
|---|---|---|

**PLAINTIFF(S)**: KELLIE ARRUDA

**DEFENDANT(S)**: MARSHALL HAZARD and GENERAL TRANSPORTATION SERVICES

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Joseph H. Silvia, Esquire
550 Locust Street, Fall River, MA 02720
Board of Bar Overseers number: 552215   (508) 675-7770

**ATTORNEY (if known)**: UNKNOWN

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.: B03
TYPE OF ACTION (specify): Motor Vehicle Negligence Personal Injury
TRACK: (F)
IS THIS A JURY CASE? (x) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $ 1,743.50
2. Total Doctor expenses .......................................................... $ 1,657.00
3. Total chiropractic expenses ................................................... $ 7,027.49
4. Total physical therapy expenses .............................................. $ 0
5. Total other expenses (describe) .............................................. $ 3,716.89
   Pharmaceuticals, Ambulance and Quest Diagnostics
   Subtotal $ 14,144.88
B. Documented lost wages and compensation to date ........................... $ 0
C. Documented property damages to date ........................................ $ 0
D. Reasonably anticipated future medical and hospital expenses ............. $ 0
E. Reasonably anticipated lost wages ........................................... $ 0
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Left arm ligament strain and rotator cuff injury; friction burns of the left leg; contutions to both legs and ankles; and, lower back strain/sprain.
   $
   TOTAL $ 14,144.88

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):
N/A

TOTAL $ 0

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record /s/ Joseph H. Silvia /da
Joseph H. Silvia, Esquire
DATE: 1-13-2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**SAULINO & SILVIA, P.C.**
Attorneys at Law
550 LOCUST STREET
FALL RIVER, MASSACHUSETTS 02720

JOHN E. SAULINO
JOSEPH H. SILVIA*
*ALSO ADMITTED IN CONNECTICUT

TELEPHONE
(508) 675-7770
FACSIMILE
(508) 675-7771

January 13, 2005

Marc J. Santos, Register
BRISTOL COUNTY SUPERIOR COURT
9 Court Street
Taunton, MA 02780

    **RE:**    ***JOHN C. DEMATOS* and**
           ***KELLIE ARRUDA***
    **VS:**    ***MARSHALL S. HAZARD* and**
           ***GENERAL TRANSPORTATION SERVICES***
           **CIVIL ACTION NO.:** _____

Dear Mr. Santos:

    With reference to the above-captioned matter, enclosed herewith, please find the following:

    1.    Complaint as to John C. DeMatos;
    2.    Civil Action Cover Sheet as to John C. DeMatos;
    3.    Complaint as to Kellie Arruda;
    4.    Civil Action Cover Sheet as to Kellie Arruda; and
    5.    Check in the sum of $515.00 to cover the cost of filing same.

    Upon your receipt hereof, would you kindly file same.

    At your earliest convenience, kindly advise this office of the civil action number assigned to this matter.

    Should you have any additional questions or concerns, please advise.

    Thanking you for your anticipated cooperation in this matter, I am,

                                    Very truly yours,
                                    SAULINO & SILVIA, P.C.

                                    BY: _Joseph H. Silvia/da_
                                        Joseph H. Silvia, Esquire

JHS/da
Encs.

                                    A True Copy By Photostatic Process
                                    Attest: _____
                                                    Asst. Clerk of Court